IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Mandisa Wynn, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:25-cv-4548-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Badcock Home Furniture & More; ) | |
| Equifax Information Services, LLC[1], ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Mandisa Wynn, proceeding in this litigation *pro se*, filed this action in state court alleging that Defendants improperly handled information relating to Plaintiff's credit history in violation of the Fair Credit Reporting Act, *see* 15 U.S.C. § 1681 *et seq*. (ECF No. 1-1 at 7). The action was removed to federal court, (ECF No. 1), and, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), automatically referred to a United States Magistrate Judge for pretrial handling. On June 4, 2025, the parties informed the court that Plaintiff and Defendant Equifax Information Services, LLC, had reached a settlement. (ECF No. 8).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 14), noting that Plaintiff has failed to comply with various court orders and recommending that the court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, *id*. at 3–4. On July 16, 2025, the Report was mailed to Plaintiff at the address she provided the court. (ECF No. 15). The Report has not been returned to this court marked as "undeliverable," so Plaintiff is presumed to have received it. Plaintiff was advised of her right to file specific objections to the Report and of the potential consequences of failing to do

---

[1] Defendant Equifax Information Services, LLC was terminated on 6/4/25 per Notice of Settlement [ECF 8].

so. (ECF No. 14 at 5). Nonetheless, Plaintiff has not filed objections to the Report, and the time for doing do has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 14), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice and without leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Chief United States District Judge

September 23, 2025  
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.